firmed, with $10 costs and disbursements. Order filed.

WESTINGHOUSE, CHURCH, KERR & CO., Appellant, v. REMINGTON SALT CO., Respondent. (Supreme Court, Appellate Division, Third Department. November 20, 1906.) Action by Westinghouse, Church, Kerr & Co. against the Remington Salt Company. No opinion. Order requiring plaintiff to enter interlocutory judgment affirmed, with $10 costs and disbursements. Motion to dismiss appeal from interlocutory judgment denied, without costs.

WESTON, Appellant, v. TOWNSHEND, Respondent. (Supreme Court, Appellate Division, First Department. December 28, 1906.) Action by Fannie M. Weston, as administratrix, against John Townshend. H. V. N. Philip, for appellant. J. Fromme, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

WESTON v. WIRTH. (Supreme Court, Appellate Division, First Department. November 16, 1906.) Action by Frederick Weston against Henry Wirth. No opinion. Motion granted, with $10 costs. Order filed.

In re WETMORE ELECTRIC CO. (Supreme Court, Appellate Division, Third Department. December 7, 1906.) In the matter of the application of the Wetmore Electric Company for authority to increase its capital stock. No opinion. In this record there are no findings of the commission, as contemplated by section 14, c. 737, p. 2098, Laws 1905. The record is therefore remitted to the commission.

WHALEN, Respondent, v. THAYER, Appellant. (Supreme Court, Appellate Division, Fourth Department. November 21, 1906.) Action by Richard Whalen against Clayton E. Thayer. No opinion. Judgment affirmed, with costs.

WHEELER, Respondent, v. ROWAN, Appellant. (Supreme Court, Appellate Division, First Department. December 28, 1906.) Action by Jennie D. Wheeler against D. Noble Rowan. M. K. Flagg, for appellant. E. Hymes, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

WHITE, Respondent, v. CASE, Appellant. (Supreme Court, Appellate Division, Second Department. November 28, 1906.) Action by George R. White against David K. Case. No opinion. Judgment and order unanimously affirmed, with costs.

WHITFORD, Respondent, v. INTERURBAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. December 28, 1906.) Action by Charles S. Whitford against the Interurban Street Railway Company. No opinion. Judgment and order affirmed, with costs. Order filed.

WILLIAMS, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. December 7, 1906.) Action by Julius Williams, as administrator, against the Metropolitan Street Railway Company. E. D. O'Brien, for appellant. J. P. Cohalan, for respondent. No opinion. Order granting extra allowance reversed, and judgment modified as directed in order, and, as modified, judgment and order denying motion for new trial affirmed, without costs. Order filed.

WILSON, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. November 28, 1906.) Action by Alexander Wilson against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

WILSON, Respondent, v. NEW YORK, O. & W. RY. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. November 28, 1906.) Action by Lewis E. Wilson, as administrator, etc., against the New York, Ontario & Western Railway Company. PER CURIAM. Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event upon questions of law and fact. Held, that the plaintiff was guilty of contributory negligence as matter of law, that the finding of the jury that the defendant was guilty of negligence which contributed to the injury is against the weight of the evidence, and also that there are reversible errors in the charge.

SPRING, J., concurs on first ground only.

WINTER v. WINTER. (Supreme Court, Appellate Division, First Department. November 5, 1906.) Action by Louise Winter against Charles Winter. PER CURIAM. Determination of the Appellate Term reversed on authority of Effray v. Effray, 110 App. Div. 545, 97 N. Y. Supp. 286, with costs in this court and in the court below. Settle order on notice.

PATTERSON, J., dissents.

WISE et al. v. COHEN et al. (two cases). (Supreme Court, Appellate Division, First Department. December 14, 1906.) Action by John S. Wise and another against Pauline Cohen, impleaded. No opinion. Motion denied, with $10 costs. Order filed.

In re WITBECK'S WILL. (Supreme Court, Appellate Division, Third Department. November 14, 1906.) In the matter of the probate of the alleged will of Jane A. Whitbeck, deceased. No opinion. Decree unanimously affirmed, with costs.

In re WOOD. (Supreme Court, Appellate Division, First Department. October 19, 1906.) In the matter of Alice F. M. Wood.

PER CURIAM. Order affirmed with $10 costs and disbursements. Order filed.

HOUGHTON, J., dissents as to taxes.

---

WOOD, Appellant, v. BOSTON & M. R. R., Respondent, et al. (Supreme Court, Appellate Division, Second Department. November 21, 1906.) Action by William H. Wood against the Boston & Maine Railroad and another. No opinion. Judgment unanimously affirmed, with costs.

---

In re WOYTISEK. In re LUPINEK. (Supreme Court, Appellate Division, First Department. December 28, 1906.) In the matter of Vincent W. Woytisek, an attorney, and petition of Lupinek. No opinion. Reference ordered. Settle order on notice.

---

In re WOYTISEK. In re PRAONA. (Supreme Court, Appellate Division, First Department. December 28, 1906.) In the matter of Vincent W. Woytisek and petition of Praona. No opinion. Petition and charges dismissed. Order filed.

---

WRIGHT et al., Respondents, v. BROOKS et al., Appellants. (Supreme Court, Appellate Division, Third Department. December 7, 1906.) Action by Milton C. Wright and another against George Brooks and others. No opinion. Judgment and orders unanimously affirmed, with costs.

---

YORK, Respondent, v. LONG et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. December 28, 1906.) Action by William York against George B. Long and another. No opinion. Judgment and order affirmed, with costs.

---

YORKEY, Respondent, v. YONHGY, Appellant. (Supreme Court, Appellate Division, Fourth Department. November 28, 1906.) Action by Lizzie A. Yorkey against George F. Yonhgy. No opinion. Interlocutory judgment affirmed, with costs, with leave to the defendant to plead over upon payment of the costs of the demurrer and of this appeal.

---

YOUNG, Respondent, v. EQUITABLE LIFE ASSUR. SOCIETY OF THE UNITED STATES et al., Appellants. (Supreme Court, Appellate Division, Third Department. November 20, 1906.) Action by Mary S. Young, a stockholder and policy holder of the Equitable Life Assurance Society of the United States, who sues on behalf of herself and all others similarly situated against the Equitable Life Assurance Society of the United States and others. No opinion. Interlocutory judgment (99 N. Y. Supp. 446) affirmed, with costs, with leave to defendants to withdraw their demurrers, and answer upon payment of costs of demurrer and of the appeal to this court.

---

YOUNG, Respondent, v. EQUITABLE LIFE ASSUR. SOCIETY OF THE UNITED STATES et al., Appellants. (Supreme Court, Appellate Division, Third Department. November 20, 1906.) Action by Mary S. Young, a stockholder and policy holder of the Equitable Life Assurance Society of the United States, who sues on behalf of herself and all others similarly situated against the Equitable Life Assurance Society of the United States and others.

PER CURIAM. Motion for leave to go to Court of Appeals granted, and the following questions of law certified to the Court of Appeals as questions of law which ought to be reviewed by said court: (1) Does the complaint state facts sufficient to constitute a cause of action against the defendant Charles B. Alexander? (2) Does the complaint state facts sufficient to constitute a cause of action against the defendant Henry M. Alexander? (3) Does the complaint state facts sufficient to constitute a cause of action against the defendant William Alexander? (4) Does the complaint state facts sufficient to constitute a cause of action against the defendant James W. Alexander? (5) Does the complaint state facts sufficient to constitute a cause of action against the defendant August Belmont? (6) Does the complaint state facts sufficient to constitute a cause of action against the defendant Cornelius N. Bliss? (7) Does the complaint state facts sufficient to constitute a cause of action against the defendant C. Ledyard Blair? (8) Does the complaint state facts sufficient to constitute a cause of action against the defendant Alexander J. Cassatt? (9) Does the complaint state facts sufficient to constitute a cause of action against the defendant Thomas De Witt Cuyler? (10) Does the complaint state facts sufficient to constitute a cause of action against the defendant Henry C. Deming? (11) Does the complaint state facts sufficient to constitute a cause of action against the defendant Chauncey M. Depew? (12) Does the complaint state facts sufficient to constitute a cause of action against the defendant Louis Fitzgerald? (13) Does the complaint state facts sufficient to constitute a cause of action against the defendant Marcellus M. Dodge? (14) Does the complaint state facts sufficient to constitute a cause of action against the defendant James B. Forgan? (15) Does the complaint state facts sufficient to constitute a cause of action against the defendant Henry C. Frick? (16) Does the complaint state facts sufficient to constitute a cause of action against the defendant George J. Gould? (17) Does the complaint state facts sufficient to constitute a cause of action against the defendant Henry C. Haarstick? (18) Does the complaint state facts sufficient to constitute a cause of action against the defendant Edward H. Harriman? (19) Does the complaint state facts sufficient to constitute a cause of action against the defendant James J. Hill? (20) Does the complaint state facts sufficient to constitute a cause of action against the defendant Bradish Johnson? (21) Does the complaint state facts sufficient to constitute a cause of action against the defendant Thomas A. Jordan? (22) Does the complaint state facts sufficient to constitute a cause of action against the defendant Alvin W. Krech? (23) Does the complaint state facts sufficient to constitute a cause of action against the defendant Joseph T. Low? (24) Does the